*356 ■ The opinion of the Court was delivered by
WARDLAW, Ch.
The plaintiff, John Snoddy, received a conveyance for a tract of land in Spartanburg District, November 16, 1853, which was executed in the name of Harvey Einch, by the defendant, John S. Finch, as attorney in fact. The defendant acted under a regular power of attorney attested by two witnesses, but these witnesses reside in Alabama, and neither of them has made probate of the execution of the instrument, nor has the instrument been recorded. The plaintiff, justly regarding the power of attorney as an integral part of his conveyance, sought its delivery from defendant, and at one time the latter, while the plaintiff held the paper in his hands, promised to deliver it to plaintiff; if he would pay the price of the land; whereupon the plaintiff laid the paper on a table, paid a portion of the purchase money, and drew his note for the balance, and the defendant picked up the power, saying he should keep it for his own protection, as he had sold some personalty under the same authority. Mr. Edwards, one of the counsel of plaintiff testifies, that he too applied to defendant for the power, and proposed that it should be sent to Alabama for probate, at the joint expense of the parties, but defendant declined this proposal, as the paper might be lost by the way, and offered on his part to give a copy. The pecuniary means of the defendant are ample. The plaintiff is in possession of the land, and no special jeopardy of his title is alleged. Defendant admitted he had a receipt from his principal, ratifying his acts as agent.
The bill was filed to obtain possession of the power of attorney, or to have it placed in safe custody. The Chancellor on circuit dismissed the bill for want of equity, and the plaintiff appeals.
A person properly entitled to the custody of the title-deeds of his estate, may obtain a decree for a specific delivery of them, if they be wrongfully withheld or detained from him. *357 This is a very old head of equity jurisdiction, for it has "been traced back to the reign of Edward IY. Mitford’s PI. by Jeremy 117, n. 1.; 2 Story, E. J. 703; Armitage vs. Wadsworth, 1 Mad. R. 192, (110. Am. Ed.) Some remedy in' such case might be afforded in a Court of law by action of trover or detinue, but as damages only are recoverable there the relief is much less adequate and complete than by a decree for specific delivery. A bill for such purpose ought to allege danger of loss or destruction of the deeds in the keeping of him who withholds them, but the defendant here does not complain of the omission of this allegation, and his misconduct in regaining possession of the letter of attorney justifies apprehension of the safety of the paper in his custody. He does not need it for his own protection, as the receipt of his principal secures him against the disavowal of the agency; and it is an essential part of the conveyance to plaintiff, and without the adduction and proof of it, he could not demonstrate in any suit his title to the land. It might be held without straining that the defendant delivered it to the plaintiff, and then retook it by artifice.
It is possible that defendant or other purchasers from him as agent may find occasion for the use of this instrument in establishing the agency; and this may constitute a sufficient reason for not placing the power in the exclusive possession of plaintiff, when full relief may be administered to him in another form.
It is ordered and decreed that the circuit decree be reversed, and that defendant deposit said power of attorney in the office of the register of this Court for Spartanburg District, with leave to any party having an interest in it to apply to the Court for an order for its use. Let the defendant pay the costs.
Johnston, Dunkin, and Dargan, CC., concurred.

Decree reversed.